ANDERSON, Justice (dissenting).
DISSENT
I agree with the court's statutory interpretation analysis and therefore limit my concern, and this dissent, to a specific finding by the district court.
A district court has broad discretion in determining parenting-time issues and will not be reversed absent an abuse of that discretion. See Olson v. Olson , 534 N.W.2d 547, 550 (Minn. 1995). But a district court abuses its discretion by making findings that are not supported by the record or by misapplying the law. Pikula v. Pikula , 374 N.W.2d 705, 710 (Minn. 1985). Here, the district court abused its discretion by making a finding that had no support in the record and that conflicts with statutory language and constitutional principles.
The Legislature enacted Minn. Stat. § 518.175, subd. 8 (2016), entitled "[a]dditional parenting time for child care parent," to deal with a very specific concern. A parent, under this legislation, has the right to seek, but not necessarily to receive, an amendment to a parenting plan to allow that parent to care for a child at home instead of having the child in daycare or other third-party care. See id. Here, father requested additional parenting time to care for his son before or after school on mother's parenting days instead of having son attend a before- and after-school program. The district court denied this request based on five findings.
The district court made thoughtful and detailed findings in this matter. Unfortunately, in one of the five findings that formed the basis of the decision, the district court suggested-with no support in the record for this claim-that parenting time is not necessarily superior to out-of-home daycare. Specifically, the district court said:
Father's proposal is based upon the assumption that care by a parent is always preferable to a child care setting. Quality child care offers more than babysitting. It offers the child opportunities to play with and interact with peers in a structured setting as well as enrichment activities designed by professional staff.
In juxtaposing parental care and third-party child care in this finding, the district court implied that "quality child care" was superior to parental care, in this case, care provided by the father. None of these statements are supported by the record and, as discussed elsewhere in this dissent, are at odds with the legislative intent. This finding reflects an abuse of discretion by the district court and requires a reversal of the court of appeals and a remand to the district court.
If this were purely a matter of sufficiency of the evidence, affirming the district court might well be in order. But, in addition to the complete absence of any support in the record for the suggestion that third-party child care is superior to parental care, the finding also collides with both the statutory framework and constitutional *601 analysis. The Legislature has expressed a clear preference for parental care and child-rearing in adopting a statute to "allow additional parenting time to a parent to provide child care while the other parent is working." Minn. Stat. § 518.175, subd. 8. As with many family-law procedures, this statutory parental care allowance is not an absolute requirement. The provision for additional parenting time requires the court to ensure that the "arrangement is reasonable and in the best interests of the child, as defined in section 518.17, subdivision 1." Id. Nothing in the statutory language equates the rights of parents to raise their children with other child-care arrangements. Nor does the language suggest, as the district court did here, that third-party child care is superior to the care provided by a parent; in fact, the more persuasive interpretation is the reverse-the legislative preference, subject to the best interests of the child, is for parental care of the child over third-party child care. The finding of the district court is in tension with the expressed intention of the Legislature.
There is also a constitutional component to this discussion. Although I do not argue here that the record supports a claim of constitutional error, it is worth noting that the Supreme Court has held that parents have a fundamental right to raise their children. See Troxel v. Granville , 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) ("[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children."). I recognize that Troxel presents entirely different circumstances than what is, here, effectively an adjustment to a parenting-time schedule. See id. at 60, 120 S.Ct. 2054. But as with the statutory language, the district court finding is difficult to reconcile with the "fundamental right" language of Troxel .
Given these statutory and constitutional principles, I cannot simply dismiss the district court's finding as surplusage or harmless error. Nor am I persuaded that, because there are other findings that support the district court order, somehow this finding can be safely ignored. Further, nothing in the order explicitly lays out which findings the district court considered most persuasive or important. In the end, I conclude that the district court abused its discretion by not properly considering father's request to "allow additional parenting time to a parent to provide child care while the other parent is working." Minn. Stat. § 518.175, subd. 8. I would reverse and remand for additional proceedings on father's request for parenting time based on the provisions of Minn. Stat. § 518.175, subd. 8, but without prejudice to any finding made by the district court that is supported by the record.
I respectfully dissent.